UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAXIMO FERNANDEZ, ARTURO CORDONA, SERGIO DURAN, RODRIGO PUENTES, and ISAIAS VILLANUEVA, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> KERRY, INC., <br><br> Defendant. | No. 1:17-cv-8971 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, Defendant Kerry, Inc. ("Defendant") hereby provides notice of removal of this action from the Circuit Court of Cook County, Illinois, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, Defendant respectfully states as follows:

1. On November 7, 2017, Plaintiffs Maximo Fernandez, Arturo Cordona, Sergio Duran, Rodrigo Puentes, and Isaias Villanueva, on behalf of themselves and all others similarly situated ("Plaintiffs"), initiated this civil lawsuit against Defendant in the Circuit Court of Cook County, Illinois, by filing a class action complaint captioned *Maximo Fernandez, et al. v. Kerry, Inc.*, No. 2017 CH 14831 (the "State Court Action").

2. Defendant was served with a copy of the summons and complaint in the State Court Action on November 14, 2017.

3. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of the date that Defendant was served with the initial pleading.

4. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been filed and served in the State Court Action are attached hereto as Ex. 1.

5. By their Complaint, Plaintiffs contend that Defendant violates the Illinois Biometrics Information Privacy Act, 740 ILCS 14/1, *et seq.* (the "BIPA"), through the use of "fingerprint" technology. (*See* Ex. 1, Compl. ¶¶ 1, 4-7, 27-28, 35, 37-40, 45, 56, 68-69.) Specifically, Plaintiffs allege that Defendant collects, stores, uses and retains employee biometric information (here, "fingerprints") when the employees clock in or out of work without first obtaining informed written consent or publishing their retention policies. (*See id.* at ¶¶ 4, 28, 35-37.) Based on those allegations, Plaintiffs assert one cause of action for alleged violation of the BIPA and one cause of action for common law negligence, in both their individual and representative capacities. (*See id.* at ¶¶ 50-72.)

6. Plaintiffs seek, on behalf of themselves and a putative class, various forms of relief including "(1) injunctive and equitable relief as is necessary to protect the interests of Plaintiffs and the Class by requiring Kerry to comply with the BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (2) liquidated damages assessed per violation for each of Kerry's violations of the BIPA pursuant to 740 ILCS 14/20; and (3) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3)" on their BIPA claim, and "damages in an amount to be calculated at trial" on their common law negligence claim. (*See id.* at ¶¶ 63, 72.)

7. BIPA provides for statutory damages of $1,000 for negligent violations and $5,000 for intentional or reckless violations. 740 ILCS 14/20.

8. Pursuant to 28 U.S.C. §§ 1332 and 1441(b), removal is proper because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000. *E.g.*, *Carroll v. Stryker Corp.*, 658 F.3d 675, 680-81 (7th Cir. 2011).

9. According to the allegations in the Complaint, Plaintiffs are all natural persons and citizens of Illinois. (Ex. 1 ¶ 14.)

10. Defendant Kerry, Inc. is a Delaware corporation with its principal place of business in Beloit, Wisconsin. (*See* Ex. 2, Decl. of Brian Allen ("Allen Decl.") ¶ 5.)

11. Because Plaintiffs are citizens of Illinois, while Defendant is a citizen of Delaware and Wisconsin, there is complete diversity of citizenship. *Detrick v. Home Depot, U.S.A.*, No. 13 C 3878, 2013 WL 3836257, at *1 n.1 (N.D. Ill. July 23, 2013).

12. In determining whether the jurisdictional threshold amount of $75,000 is satisfied, district courts consider the totality of the relief sought, which "includes monetary damages, attorney's fees, and 'the cost a defendant incurs in complying with injunctive relief.'" *The Home Depot, Inc. v. Rickher*, No. 06-8006, 2006 WL 1727749, at *1 (7th Cir. May 22, 2006) (quoting *Tropp v. Western-Southern Life Ins. Co.*, 381 F.3d 591, 595 (7th Cir. 2004)).

13. For purposes of assessing the amount in controversy, Plaintiffs' allegations are accepted as true. *See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (noting it does not matter, for purposes of the amount in controversy, that "the complaint discloses the existence of a valid defense to the claim").

14. Plaintiffs allege that they seek a finding that Defendant's actions constitute "reckless disregard" (Ex. 1 at Prayer for Relief ¶ E), which could result in the imposition of statutory damages of $5,000 per violation. 740 ILCS 14/20.

15. From November 7, 2016 to November 7, 2017, Kerry, Inc.'s records indicate that while employed by Kerry, Inc., each Plaintiff utilized the Kronos time clock terminal at the Melrose Park, Illinois, location on more than seventy-five (75) separate occasions. (*See* Allen Decl. at ¶ 10.)

16. Because Plaintiffs allege $1,000-$5,000 for "each" clock in or clock out, based on the allegations in the Complaint, each Plaintiff claims damages exceeding $75,000, exclusive of interest and costs.[1]

17. Finally, in addition to statutory damages and injunctive relief, Plaintiffs are also seeking attorneys' fees and costs, which further evidences that more than $75,000 is at issue. (Ex. 1 at 63.)

18. Accordingly, both the diversity and amount-in-controversy prongs are satisfied with respect to Defendant, and removal is therefore proper under 28 U.S.C. §§ 1332 and 1441(b).

19. Venue is also proper in the Northern District of Illinois located in Chicago, Illinois, because the Circuit Court of Cook County action is pending within the jurisdictional confines of this Court. 28 U.S.C. § 1446(a).

20. Defendant will provide written notice of the filing of this Notice of Removal to Plaintiff and the Circuit Court of Cook County.

WHEREFORE, Defendant Kerry, Inc. hereby removes this civil action to this Court on the basis of diversity jurisdiction.

---

[1] Defendant denies that Plaintiffs have alleged an actionable violation of BIPA each and every time they clocked in and out (indeed, that they have any claim at all). Such a result would conflict with a plain language interpretation of the statute. Nonetheless, for purposes of removal, Plaintiffs' allegations and requested relief must be accepted as true for purposes of determining the amount in controversy.

Dated: December 13, 2017         KERRY, INC.

By: /s/Erin Bolan Hines

Melissa Siebert (*msiebert@bakerlaw.com*)
Erin Bolan Hines (*ehines@bakerlaw.com*)
Bonnie Keane DelGobbo (*bdelgobbo@bakerlaw.com*)
**BAKER & HOSTETLER LLP**
191 North Wacker Drive, Suite 3100
Chicago, Illinois 60606-1901
Telephone: (312) 416-6200
Facsimile: (312) 416-6201

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that she caused a true copy of the foregoing **Notice of Removal** to be served on counsel of record via messenger delivery on December 13, 2017 to:

Alexis D. Martin
Caffarelli & Associates Limited
114 South Michigan Avenue, Suite 300
Chicago, IL 60604

/s/ Erin Bolan Hines