# EXHIBIT 1

 CT Corporation

**Service of Process Transmittal**
11/14/2017
CT Log Number 532300529

TO: Sharon Olson
Kerry Inc.
3400 Millington Rd
Beloit, WI 53511-9554

RE: **Process Served in Illinois**

FOR: Kerry Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MAXIMO FERNANDEZ, et al., Pltfs. vs. Kerry Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons(es), Attachment(s), Complaint |
| **COURT/AGENCY:** | Cook County Circuit Court - County Department - Chancery Division, IL Case # 2017CH14831 |
| **NATURE OF ACTION:** | Complaint to put a stop to its unlawful collection, use, and storage of Plaintiffs' and the proposed Class's sensitive biometric data |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/14/2017 at 11:00 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of this Summons, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Alejandro Caffarelli Caffarelli & Associates Ltd. 224 N. Michigan Ave., Ste. 300 Chicago, IL 60604 312-763-6880 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/14/2017, Expected Purge Date: 11/19/2017 |
| | Image SOP |
| | Email Notification, Sharon Olson  sharon.olson@kerry.com |
| | Email Notification, Jolyn Jensen  jolyn.jensen@kerry.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 208 South LaSalle Street Suite 814 Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |

Page 1 of  2 / JS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
11/14/2017
CT Log Number 532300529

**TO:** Sharon Olson
Kerry Inc.
3400 Millington Rd
Beloit, WI 53511-9554

**RE:** **Process Served in Illinois**

**FOR:** Kerry Inc. (Domestic State: DE)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Notice, Motion, Certificate | By Regular Mail on 11/13/2017 at 12:32 postmarked on 11/07/2017 | Sharon Olson Kerry Inc. | 532287736 |

Page 2 of 2 / JS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Summons - Alias Summons                                          (12/31/15) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

MAXIMO FERNANDEZ; ARTURO CORDONA;

SERGIO DURAN; RODRIGO PUENTES;        No. 2017-CH-14831

ISAIAS VILLANUEVA
                                      Defendant Address:
                    v.                KERRY INC.

KERRY INC.                            R/A CT CORPORATION SYSTEM

                                      208 S LASALLE STREET

                                      SUITE 814

                                      CHICAGO, IL 60604

☑ SUMMONS   ☐ ALIAS - SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802 _____ ,Chicago, Illinois 60602

☐ District 2 - Skokie          ☐ District 3 - Rolling Meadows      ☐ District 4 - Maywood
   5600 Old Orchard Rd.           2121 Euclid 1500                    Maybrook Ave.
   Skokie, IL 60077               Rolling Meadows, IL 60008           Maywood, IL 60153

☐ District 5 - Bridgeview      ☐ District 6 - Markham               ☐ Richard J. Daley Center
   10220 S. 76th Ave.             16501 S. Kedzie Pkwy.                50 W. Washington, LL-01
   Bridgeview, IL 60455           Markham, IL 60428                    Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☑ Atty. No.: 58616                    Witness:        Tuesday, 07 November 2017

Name: CAFFARELLI & ASSOC LTD          /s DOROTHY BROWN

Atty. for: MAXIMO FERNANDEZ           DOROTHY BROWN, Clerk of Court

Address: 224S MICHIGAN #300
City/State/Zip Code: CHICAGO, IL 60604   Date of Service: _____

Telephone: (312) 763-6880             (To be inserted by officer on copy left with Defendant or other person)

Primary Email Address: acaffarelli@caffarelli.com

Secondary Email Address(es):          **Service by Facsimile Transmission will be accepted at:

jgermann@caffarelli.com
                                      _____
                                      (Area Code)   (Facsimile Telephone Number)

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS



**DIE DATE**
**11/28/2017**

**DOC.TYPE:** CHANCERY
**CASE NUMBER:** 17CH14831
**DEFENDANT**
KERRY INC
208 S LASALLE ST
CHICAGO, IL 60604
STE 814

**SERVICE INF**
RM 802 R/A
CORPORATI

**ATTACHED**

Summons - Alias Summons

(12/31/15) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

MAXIMO FERNANDEZ; ARTURO CORDONA; SERGIO DURAN; RODRIGO PUENTES; ISAIAS VILLANUEVA

v.

KERRY INC.

No. 2017-CH-14831

Defendant Address:

KERRY INC.

R/A CT CORPORATION SYSTEM

208 S LASALLE STREET

SUITE 814

CHICAGO, IL 60604

☑ SUMMONS ☐ ALIAS - SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802 ,Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid 1500
Rolling Meadows, IL 60008

☐ District 4 - Maywood
Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60428

☐ Richard J. Daley Center
50 W. Washington, LL-01
Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☑ Atty. No.: 58616

Name: CAFFARELLI & ASSOC LTD

Atty. for: MAXIMO FERNANDEZ

Address: 224S MICHIGAN #300

City/State/Zip Code: CHICAGO, IL 60604

Telephone: (312) 763-6880

Primary Email Address: acaffarelli@caffarelli.com

Secondary Email Address(es):

jgermann@caffarelli.com

Witness: Tuesday, 07 November 2017

DOROTHY BROWN
Clerk of the Circuit Court

/s DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service:

(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:

(Area Code)     (Facsimile Telephone Number)

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS



**DIE DATE**
**11/28/2017**

**DOC.TYPE:** CHANCERY
**CASE NUMBER:** 17CH14831
<u>**DEFENDANT**</u>
KERRY INC
208 S LASALLE ST
CHICAGO, IL 60604
STE 814

**SERVICE INF**
RM 802 R/A
CORPORATI

**ATTACHED**

ELECTRONICALLY FILED
11/7/2017 4:07 PM
2017-CH-14831
CALENDAR: 05
PAGE 1 of 17
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
CHANCERY DIVISION
CLERK DOROTHY BROWN

**IN THE CIRCUIT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

MAXIMO FERNANDEZ, ARTURO
CORDONA, SERGIO DURAN, RODRIGO
PUENTES, and ISAIAS VILLANUEVA, on
behalf of themselves and all others similarly
situated,

        Plaintiffs,

v.

KERRY INC.,

        Defendant.

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiffs Maximo Fernandez, Arturo Cordona, Sergio Duran, Rodrigo Puentes, and Isaias Villanueva bring this Class Action Complaint and Demand for Jury Trial against Defendant Kerry Inc. ("Kerry" or "the Company") to put a stop to its unlawful collection, use, and storage of Plaintiffs' and the proposed Class's sensitive biometric data. Plaintiffs allege as follows based upon personal knowledge as to themselves and their own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

### NATURE OF THE ACTION

1.    This is an action under the Biometric Information Privacy Act, 740 ILCS 14/ 1, *et seq.* ("BIPA") brought by Plaintiffs on behalf of a putative class of similarly-situated individuals, namely, all Illinois citizens who performed work for Kerry in Illinois who had their fingerprints improperly collected, captured, received, otherwise obtained or disclosed by Kerry.

2.　　Kerry is a multinational public food company.

3.　　In Illinois, several hundred individuals perform work for Kerry from at least three locations, including Melrose Park (the location where Plaintiffs worked), Elk Grove Village, and Carol Stream.

4.　　Since approximately 2011, individuals who perform work for Kerry in Illinois have been required to scan their fingerprint in Kerry's time clocks. That is because Kerry uses a biometric time tracking system that requires employees to use their fingerprint as a means of authentication, instead of key fobs or identification cards.

5.　　While there are benefits to using biometric time clocks in the workplace, there are also serious risks. Unlike key fobs or identification cards-which can be changed or replaced if stolen or compromised-fingerprints are unique, permanent biometric identifiers associated with the employee. This exposes workers to serious and irreversible privacy risks. For example, if a fingerprint database is hacked, breached, or otherwise exposed, workers have no means by which to prevent identity theft and unauthorized tracking.

6.　　Recognizing the need to protect its citizens from situations like these, Illinois enacted the BIPA specifically to regulate companies that collect and store Illinois citizens' biometrics such as fingerprints.

7.　　Despite this law, Kerry disregards its workers' statutorily protected privacy rights and unlawfully collects, stores, and uses their biometric data in violation of the BIPA. Specifically, Kerry has violated (and continues to violate) the BIPA because it did not (and continues not to):

- Properly inform Plaintiffs and Class members in writing of the specific purpose and length of time for which their fingerprints were being

ELECTRONICALLY FILED
11/7/2017 4:07 PM
2017-CH-14831
PAGE 2 of 17

2

collected, stored, and used, as required by the BIPA;

- Provide a publicly available retention schedule and guidelines for permanently destroying Plaintiffs' and the Class's fingerprints, as required by the BIPA; nor

- Receive a written release from Plaintiffs or the members of the Class to collect, capture, or otherwise obtain their fingerprints, as required by the BIPA.

8. Accordingly, this Complaint seeks an Order: (i) declaring that Defendant's conduct violates BIPA; (ii) requiring Defendant to cease the unlawful activities addressed herein; and (iii) awarding liquidated damages to Plaintiffs and the proposed Class.

## PARTIES

ELECTRONICALLY FILED
11/7/2017 4:07 PM
2017-CH-14831
PAGE 3 of 17

9. Plaintiff Maximo Fernandez is a natural person and citizen of the State of Illinois. He worked for Kerry from 1999 until in or around October 2017.

10. Plaintiff Arturo Cordona is a natural person and citizen of the State of Illinois. He worked for Kerry from 2004 until in or around October 2017.

11. Plaintiff Sergio Duran is a natural person and citizen of the State of Illinois. He worked for Kerry from 1998 until in or around October 2017.

12. Plaintiff Rodrigo Puentes is a natural person and citizen of the State of Illinois. He worked for Kerry from 2000 until in or around October 2017.

13. Plaintiff Isaias Villanueva is a natural person and citizen of the State of Illinois. He worked for Kerry from 2004 until in or around November 2017.

14. Defendant Kerry is a Delaware company registered to do business in the State of Illinois (File No. 58174017). Kerry conducts significant business in the State of Illinois.

3

## JURISDICTION AND VENUE

15. This Court has jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 because Defendant conducts business transactions in Illinois, has committed tortious acts in Illinois, and is registered to conduct business in Illinois. Additionally, this Court has jurisdiction over Plaintiffs because they are residents of the state of Illinois.

16. Venue is proper in Cook County because Defendant is a citizen of Illinois that conducts business transactions in Cook County. Plaintiffs are also citizens of Cook County.

## FACTUAL BACKGROUND

**I. The Biometric Information Privacy Act.**

ELECTRONICALLY FILED
11/7/2017 4:07 PM
2017-CH-14831
PAGE 4 of 17

17. In the early 2000's, major national corporations started using Chicago and other locations in Illinois to test "new [consumer] applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS 14/5(c). Given its relative infancy, an overwhelming portion of the public became weary of this then-growing, yet unregulated technology. *See* 740 ILCS 14/5.

18. In late 2007, a biometrics company called Pay by Touch - which provided major retailers throughout the State of Illinois with fingerprint scanners to facilitate consumer transactions - filed for bankruptcy. That bankruptcy was alarming to the Illinois Legislature because suddenly there was a serious risk that millions of fingerprint records - which, like other unique biometric identifiers, can be linked to people's sensitive financial and personal data - could now be sold, distributed, or otherwise shared through the bankruptcy proceedings without adequate protections for Illinois citizens. The bankruptcy

also highlighted the fact that most consumers who had used that company's fingerprint

scanners were completely unaware that the scanners were not actually transmitting

fingerprint data to the retailer who deployed the scanner, but rather to the now-bankrupt

company, and that their unique biometric identifiers could now be sold to unknown third

parties.

19.     Recognizing the "very serious need [for] protections for the citizens of Illinois

when it [came to their] biometric information," Illinois enacted the BIPA in 2008. *See* Illinois

House Transcript, 2008 Reg. Sess. No. 276; 740 ILCS 14/5.

20.     The BIPA is an informed consent statute which achieves its goal by making it

unlawful for a company to, among other things, "collect, capture, purchase, receive through

trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric

information, unless *it first:*

    (1)     informs the subject in writing that a biometric identifier or biometric
            information is being collected or stored;

    (2)     informs the subject in writing of the specific purpose and length of
            term for which a biometric identifier or biometric information is being
            collected, stored, and used; and

    (3)     receives a written release executed by the subject of the biometric
            identifier or biometric information.

740 ILCS 14/15(b).

21.     BIPA specifically applies to employees who work in the State of Illinois. BIPA

defines a "written release" specifically "in the context of employment [as] a release executed by

an employee as a condition of employment." 740 ILCS 14/10.

22.     Biometric identifiers include retina and iris scans, voiceprints, scans of hand

ELECTRONICALLY FILED
11/7/2017 4:07 PM
2017-CH-14831
PAGE 5 of 17

and face geometry, and - most importantly here - fingerprints. *See* 740 ILCS 14/10.
Biometric information is separately defined to include any information based on an
individual's biometric identifier that is used to identify an individual. *See id.*

23.     The BIPA also established standard for how employers must handle Illinois
employees' biometric identifiers include retina and iris scans, voiceprints, scans of hand and
face geometry, and fingerprints. *See* 740 ILCS 14/10. Biometric information is separately
defined to include any information based on an individual's biometric identifier that is used
to identify an individual. *See id.*

24.     Ultimately, the BIPA is simply an informed consent statute. Its narrowly
tailored provisions place no absolute bar on the collection, sending, transmitting or
communicating of biometric data. For example, the BIPA does not limit what kinds of
biometric data may be collected, sent, transmitted, or stored. Nor does the BIPA limit to
whom biometric data may be collected, sent, transmitted, or stored. The BIPA simply
mandates that entities wishing to engage in this conduct must put in place certain reasonable
safeguards.

**II.     Defendant Violates the Biometric Information Privacy Act.**

25.     By the time the BIPA passed through the Illinois Legislature in mid-2008,
many companies who had experimented using biometric data as an authentication method
stopped doing so. That is because Pay By Touch's bankruptcy, described in Section I above,
was widely publicized and brought attention to the public's discomfort with the use of its
biometric data. Despite the recognized dangers of using biometric data in the private sector,
employers have failed to follow retailers' leads in dropping it as an identification method. In

ELECTRONICALLY FILED
11/7/2017 4:07 PM
2017-CH-14831
PAGE 6 of 17

fact, many employers now require their employees to register their biometric data, viewing it as a cost-effective method of authentication.

26.     Unfortunately, Kerry failed to take note of the retail industry's trend in recognizing the dangers in storing biometric identifiers and the passage of Illinois law governing the collection and use of biometric data. Kerry continues to collect, store, and use its workers' biometric data in violation of the BIPA.

27.     Specifically, since the implementation of the biometric data system, individuals working at Kerry have been required to have their fingerprint scanned in order to enroll them in Kerry's fingerprint database.

28.     Kerry uses a worker time tracking system that requires workers to use their fingerprint as a means of authentication. Unlike a traditional time clock, workers have to use their fingerprints to "punch" in to or out of work.

29.     Unfortunately, Kerry fails to inform its workers the extent of the purposes for which it collects their sensitive biometric data or to whom the data is disclosed, if at all.

30.     Kerry similarly fails to provide its workers with a written, publicly available policy identifying its retention schedule, and guidelines for permanently destroying its employees' biometric data when the initial purpose for collecting or obtaining their fingerprints is no longer relevant, as required by the BIPA. A worker who leaves the company does so without any knowledge of when their biometric identifiers will be removed from Kerry's databases - or if they ever will be.

31.     The Pay By Touch bankruptcy that catalyzed the passage of the BIPA highlights why conduct such as Kerry's - where workers are aware that they are providing biometric

ELECTRONICALLY FILED
11/7/2017 4:07 PM
2017-CH-14831
PAGE 7 of 17

7

identifiers but are not aware of to whom or the full extent of the reasons they are doing so - is so, dangerous. That bankruptcy spurred Illinois citizens and legislators into realizing a critical point: it is crucial for people to understand when providing biometric identifiers who exactly is collecting their biometric data, where it will be transmitted to, for what purposes, and for how long. But Kerry disregards these obligations, and instead unlawfully collects, stores, and uses its workers' biometric identifiers and information.

32.    Ultimately, Kerry not only disregards its workers' privacy rights, but it also violates BIPA.

### III.    Plaintiffs' Experience.

33.    Plaintiffs performed worked for Kerry through 2017. During the time since Kerry implemented its biometric system in or around 2011, the Plaintiffs have worked at Defendant's Melrose Park location.

34.    At the location where Plaintiffs worked, and upon information and belief at all Illinois Kerry locations, Kerry's practices regarding its biometric systems are identical as to all individuals performing work for the Company.

35.    After Kerry implemented its biometric system in or around 2011, Plaintiffs were required to scan their fingerprints so that Kerry could use them as an authentication method to track their time.

36.    Kerry subsequently stored Plaintiffs' fingerprint data in its databases.

37.    Each time Plaintiffs began and ended their workdays they were required to scan their fingerprints.

38.    Plaintiffs have never been informed of the specific limited purposes or length

ELECTRONICALLY FILED
11/7/2017 4:07 PM
2017-CH-14831
PAGE 8 of 17

of time for which Kerry collected, stored, or used their fingerprints.

39.     Plaintiffs have never been informed of any biometric data retention policy developed by Kerry, nor have they ever been informed of whether Kerry will ever permanently delete their fingerprints.

40.     Plaintiffs have never been provided with nor ever signed a written release allowing Kerry to collect or store their fingerprints.

41.     Plaintiffs have continuously and repeatedly been exposed to the risks and harmful conditions created by Kerry's violations of the BIPA alleged herein.

42.     As a result of Kerry's conduct, Plaintiffs have experienced bodily injury in the form of mental anguish. For example, Plaintiffs experience mental anguish and injury when thinking about what would happen to their biometric data if Kerry went bankrupt, whether Kerry's biometric system is susceptible to hacking or other theft, whether Kerry will ever delete their biometric information, and whether (and to whom) Kerry shares their biometric information.

43.     Plaintiffs seek liquidated damages under BIPA as compensation for the injuries Kerry has caused.

## CLASS ALLEGATIONS

44.     Upon information and belief, the practices, policies, and consequences pertinent to Kerry's biometric system as described above, in Paragraphs 35-43 in particular, applied to each Class member.

45.     Class Definition: Plaintiffs bring this action pursuant to 735 ILCS 5/2-801 on behalf of themselves and a class of similarly situated individuals, defined as follows:

ELECTRONICALLY FILED
11/7/2017 4:07 PM
2017-CH-14831
PAGE 9 of 17

**All Illinois citizens who performed work for Kerry in the State of Illinois, who had their fingerprints collected, captured, received, otherwise obtained, or disclosed by Kerry while residing in Illinois.**

The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

46.     **Numerosity:** The exact number of Class members is unknown to Plaintiffs at this time, but likely ranges between 200-500 individuals. It is clear that individual joinder is impracticable. Defendant has collected, captured, received, or otherwise obtained biometric identifiers or biometric information from at least hundreds of workers who fall into the definition of the Class. Ultimately, the Class members will be easily identified through Defendant's records

47.     **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiffs and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

- whether Kerry collected, captured, or otherwise obtained Plaintiffs' and the Class's biometric identifiers or biometric information;

- whether Kerry collected, captured, or otherwise obtained Plaintiffs' and the Class' biometric identifiers or biometric information;

ELECTRONICALLY FILED
11/7/2017 4:07 PM
2017-CH-14831
PAGE 10 of 17

10

- whether Kerry properly informed Plaintiffs and the Class of its purposes for collecting, using, and storing their biometric identifiers or biometric information;

- whether Kerry obtained a written release (as defined in 740 ILCS 14/10) to collect, use, and store Plaintiffs' and the Class's biometric identifiers or biometric information;

- whether Kerry has disclosed or re-disclosed Plaintiffs' and the Class's biometric identifiers or biometric information to any third parties;

- whether Kerry has sold, leased, traded, or otherwise profited from Plaintiffs and the Class's biometric identifiers or biometric information;

- whether Kerry developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of their last interaction, whichever occurs first;

- whether Kerry complies with any such written policy (if one exists);

- whether Kerry used Plaintiffs' and the Class's fingerprints to identify them; and

- whether Kerry's violations of the BIPA were committed negligently.

48.    **Adequate Representation**: Plaintiffs will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex litigation and class actions. Plaintiffs have no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiffs. Plaintiffs and their counsel are committed to vigorously prosecuting their action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interest adverse to those of the other members of the Class.

49.    **Appropriateness**: This class action is appropriate for certification because class

ELECTRONICALLY FILED
11/7/2017 4:07 PM
2017-CH-14831
PAGE 11 of 17

proceedings are superior to all other available methods for the fair and efficient adjudication of . this controversy and joinder of all members of the Class is impracticable. The damages suffered by the individual members of the Class are likely to have been small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's wrongful conduct. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

ELECTRONICALLY FILED
11/7/2017 4:07 PM
2017-CH-14831
PAGE 12 of 17

## FIRST CAUSE OF ACTION
### Violation of 740 ILCS 14/1, et seq.
### (On Behalf of Plaintiffs and the Class)

50. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

51. The BIPA requires companies to obtain informed written consent from employees before acquiring their biometric data. Specifically, the BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless [the entity] first: (1) informs the subject ... in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored , and used; *and* (3) receives a written release executed by the subject of the biometric identifier or biometric

information." 740 ILCS 14/15(b) (emphasis added).

52.     The BIPA also prohibits private entities from disclosing a person's biometric identifier or biometric information without first obtaining consent for that disclosure. *See* 740 ILCS 14/15(d)(l).

53.     The BIPA also mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention (and-importantly-deletion) policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (i.e., when the employment relationship ends); and (ii) actually adhere to that retention schedule and actually delete the biometric information. See 740 ILCS 14/15(a).

54.     Kerry failed and continues to fail to comply with these BIPA mandates.

55.     Kerry qualifies as a "private entity" under the BIPA. *See* 740 ILCS 14/10.

56.     Plaintiffs and the Class are individuals who had their "biometric identifiers" collected by Kerry (in the form of their fingerprints), as explained in detail in Sections II-III. *See* 740 ILCS 14/10.

57.     Plaintiffs' and the Class's biometric identifiers were used to identify them, and therefore constitute "biometric information" as defined by the BIPA. *See* 740 ILCS 14/10.

58.     Kerry violated 740 ILCS 14/15(b)(3) by failing to obtain written releases from Plaintiffs and the Class before it collected, used, and stored their biometric identifiers and biometric information.

59.     Kerry violated 740 ILCS 14/15(b)(l) by failing to inform Plaintiffs and the Class in writing that their biometric identifiers and biometric information were being collected and stored.

ELECTRONICALLY FILED
11/7/2017 4:07 PM
2017-CH-14831
PAGE 13 of 17

60.     Kerry violated 740 ILCS 14/15(b)(2) by failing to inform Plaintiffs and the Class in writing of the specific purpose and length of term for which their biometric identifiers or biometric information was being collected, stored, and used.

61.     Kerry violated 740 ILCS 14/15(a) by failing to publicly provide a retention schedule or guideline for permanently destroying its customers' biometric identifiers and biometric information.

62.     By collecting, storing, and using Plaintiffs' and the Class's biometric identifiers and biometric information as described herein, Kerry violated Plaintiffs' and the Class's rights to privacy in their biometric identifiers or biometric information as set forth in the BIPA, 740 ILCS 14/1, et seq.

63.     On behalf of himself and the Class, Plaintiffs seek: (1) injunctive and equitable relief as is necessary to protect the interests of Plaintiffs and the Class by requiring Kerry to comply with the BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (2) liquidated damages assessed per violation for each of Kerry's violations of the BIPA pursuant to 740 ILCS 14/20; and (3) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

ELECTRONICALLY FILED
11/7/2017 4:07 PM
2017-CH-14831
PAGE 14 of 17

## SECOND CAUSE OF ACTION
### Negligence
### (On Behalf of Plaintiff and the Class)

64.     Plaintiff incorporates the foregoing allegations as is fully set forth herein.

65.     Kerry owed Plaintiffs and the Class members a duty of reasonable care. That duty required that Kerry exercise reasonable care in the collection and use of Plaintiff's and the Class members; biometric identifiers or biometric in formation. Specifically, Kerry was required to collect, retain, store, and use Plaintiffs' and the Class's biometric information and identifiers in

14

compliance with the standards set forth by the BIPA.

66.     Additionally, Kerry owed Plaintiffs a heightened duty - under which Kerry assumed a duty to act carefully and not put Plaintiffs at undue risk of harm - because of the employment relationship of the Parties.

67.     Kerry breached its duties by failing to implement reasonable procedural safeguards around the collection and use of Plaintiffs' and the Class's biometric identifiers and biometric information.

68.     Specifically, Kerry breached its duties by failing to properly inform Plaintiffs in writing of the specific purpose or length of time for which his fingerprint was being collected, stored, and used.

69.     Kerry also breached its duties by failing to provide a publicly available retention schedule and guidelines for permanently destroying Plaintiffs' or the Class's fingerprints.

70.     Kerry's breach of its duties proximately caused and continues to cause Plaintiffs mental anguish and mental injury. For example, Plaintiffs experience mental anguish when thinking about what would happen to their biometric identifiers or information if Kerry went bankrupt, whether Kerry will ever delete their biometric identifiers or information, the susceptibility of their biometric information to theft, and whether (and to whom) Kerry shares their biometric identifiers or information.

71.     Upon information and belief, the Class experienced and continues to experience the same injuries as the Plaintiffs.

72.     Accordingly, Plaintiffs seek an order declaring that Kerry's conduct constitutes negligence, and awarding Plaintiffs and the Class damages in an amount to be calculated at trial.

ELECTRONICALLY FILED
11/7/2017 4:07 PM
2017-CH-14831
PAGE 15 of 17

ELECTRONICALLY FILED
11/7/2017 4:07 PM
2017-CH-14831
PAGE 16 of 17

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the Class, respectfully request that this Court enter an Order:

A.      Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiffs as representatives of the Class, and appointing their counsel as Class Counsel;

B.      Declaring that Kerry's actions, as set out above, violate the BIPA;

C.      Awarding statutory damages for each of Defendant's violations of the BIPA, pursuant to 740 ILCS 14/20;

D.      Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including an Order requiring Kerry to collect, store, and use biometric identifiers or biometric information in compliance with the BIPA;

E.      Declaring that Kerry's actions, as described above, constitute either negligence or reckless disregard;

F.      Awarding Plaintiffs and the Class their reasonable litigation expenses and attorneys' fees and costs;

G.      Awarding Plaintiffs and the Class pre- and post-judgment interest, to the extent allowable; and

H.      Awarding such other and further relief as equity and justice may require.


### JURY TRIAL

Plaintiffs demand a trial by jury for all issues so triable.


16

Dated: November 7, 2017

Respectfully submitted,

Firm No. 58616
Alejandro Caffarelli
Lorrie T. Peeters
Alexis D. Martin
Caffarelli & Associates Ltd.
224 N. Michigan Ave., Ste. 300
Chicago, IL 60604
Tel. (312) 763-6880

MAXIMO FERNANDEZ, ARTURO
CORDONA, SERGIO DURAN, RODRIGO
PUENTES, and ISAIAS VILLANUEVA, on
behalf of themselves and all others similarly
situated,

By: /s/ Alejandro Caffarelli
      Attorney for the Plaintiff

ELECTRONICALLY FILED
11/7/2017 4:07 PM
2017-CH-14831
PAGE 17 of 17

17

# Chancery DIVISION
## Litigant List

Printed on 11/07/2017

Case Number: 2017-CH-14831

Page 1 of 1

## Plaintiffs

| Plaintiffs Name | Plaintiffs Address | State | Zip | Unit # |
|---|---|---|---|---|
| MAXIMO FERNANDEZ | | | | |
| ARTURO CORDONA | | | | |
| SERGIO DURAN | | | | |
| RODRIGO PUENTES | | | | |
| ISAIAS VILLANUEVA | | | | |

Total Plaintiffs: **5**

## Defendants

| Defendant Name | Defendant Address | State | Zip | Unit # | Service By |
|---|---|---|---|---|---|
| KERRY INC. | 208 S LASALLE STREET CHICAGO, | IL | 60604 | SUITE 814 | Sheriff-Clerk |

Total Defendants: **1**

 CT Corporation

**Service of Process Transmittal**
11/13/2017
CT Log Number 532287736

TO: Sharon Olson
Kerry Inc.
3400 Millington Rd
Beloit, WI 53511-9554

RE: **Process Served in Illinois**

FOR: Kerry Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MAXIMO FERNANDEZ, et al., Pltfs. vs. Kerry Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Notice, Motion, Certificate |
| **COURT/AGENCY:** | Cook County Circuit Court - County Department - Chancery Division, IL Case # 2017CH14831 |
| **NATURE OF ACTION:** | Notice of Plaintiff's Motion to Certify a Class Action |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 11/13/2017 postmarked on 11/07/2017 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | 11/21/2017 at 10:00 a.m. |
| **ATTORNEY(S) / SENDER(S):** | Alejandro Caffarelli<br>Caffarelli & Associates Ltd.<br>224 N. Michigan Ave., Ste. 300<br>Chicago, IL 60604<br>312-763-6880 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/13/2017, Expected Purge Date: 11/18/2017<br><br>Image SOP<br><br>Email Notification, Sharon Olson sharon.olson@kerry.com<br><br>Email Notification, Jolyn Jensen jolyn.jensen@kerry.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>312-345-4336 |

Page 1 of 1 / GG

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# Caffarelli & Associates
### LIMITED

224 SOUTH MICHIGAN AVENUE, SUITE 300
CHICAGO, IL 60604

IL 604

CR NOV '17

PM 9 L



02 1P          **$ 000.67⁰**
0001947948   NOV 07 2017
MAILED FROM ZIP CODE 60604

**KERRY INC.**
**c/o CT Corporation System – Registered Agent**
**208 S. LaSalle St., Ste. 814**
**Chicago, IL 60604**

60604-113699

# IN THE CIRCUIT CIVIL COURT OF COOK COUNTY, ILLINOIS

FERNANDEZ MAXIMO

v.

KERRY INC.

No. }

ELECTRONICALLY FILED
11/7/2017 4:23 PM
2017-CH-14831
CALENDAR: 05
PAGE 1 of 1
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
CHANCERY DIVISION
CLERK DOROTHY BROWN

## NOTICE OF MOTION

To: KERRY INC.(KERRY INC.)

, 00000-0000

On November 21, 2017 , at 10:00 a.m. or as soon thereafter as counsel may be heard, I shall appear before the Honorable Cohen, Neil or any Judge sitting in that Judge's stead, in the courtroom usually occupied by him/her, located at Richard J. Daley Center, 50 West Washington Street, Court Room 2308 , Illinois, and present

Plaintiffs' Motion to Certify a Class Action

| | | | |
|---|---|---|---|
| Name | CAFFARELLI & ASSOC LTD | Atty. No. | *Pro Se 99500* |
| Address | 224S MICHIGAN #300 | Attorney for | FERNANDEZ MAXIMO |
| City/State/Zip | CHICAGO, IL 60604 | Telephone | (312) 763-6880 |

### ☐ PROOF OF SERVICE BY DELIVERY

I, _____ , ☐the attorney ☐non-attorney certify that on the ___ day of _____ , _____ , I served this notice by delivering a copy personally to each person to whom it is directed.

Date _____ , _____

Signature/Certification

### ☐ PROOF OF SERVICE BY MAIL

I, _____ , ☐the attorney ☐non-attorney certify that I served this notice by mailing a copy to _____ at _____
(address on envelope)
and depositing the same in the U. S. Mail at _____
(place of mailing)
at ___ on the ___ day of _____ , _____ , with proper postage prepaid.

Date _____ , _____

Signature/Certification

### ☐ PROOF OF ELECTRONIC SERVICE

I, _____ , ☐the attorney ☐non-attorney certify that on the ___ day of _____ , _____ , I served this notice electronically ☐via the Clerk's Office E-filing system, or ☐by telefax transmission ( ___ pages) with consent of the recipient where permissible under Ill. Sup Ct. R.11, at fax no. ___ at _____ , from _____
(Place)

Date _____ , _____

Signature/Certification

NOTE: If more than one person is served by delivery or mail, additional proof of service may be made by attaching an additional sheet to this Notice of Motion.

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
ORIGINAL - COURT FILE

ELECTRONICALLY FILED
11/7/2017 4:23 PM
2017-CH-14831
CALENDAR: 05
PAGE 1 of 5
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
CHANCERY DIVISION
CLERK DOROTHY BROWN

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

MAXIMO FERNANDEZ, ARTURO
CORDONA, SERGIO DURAN, RODRIGO
PUENTES, and ISAIAS VILLANUEVA, on
behalf of themselves and all others similarly
situated,

              Plaintiffs,

v.

KERRY INC.,

              Defendant.

Case No. 2017-CH-14831

Calendar 05

**JURY TRIAL DEMANDED**

## PLAINTIFFS' MOTION TO CERTIFY A CLASS ACTION

Plaintiffs Maximo Fernandez, Arturo Cordona, Sergio Duran, Rodrigo Puentes, and

Isaias Villanueva, on behalf of themselves and all other similarly situated persons, known and

unknown (the "putative class"), by and through their attorneys, Caffarelli & Associates Ltd. and

pursuant to 735 Ill. Comp. Stat. § 5/2-801 *et seq.*, respectfully move this Honorable Court to

grant their Motion to Certify a Class Action after Plaintiffs have had an opportunity to develop

facts in support of the same. In support of this Motion, Plaintiffs state as follows:

      1.    Plaintiffs and the putative class members are or were employees of Defendant

Kerry Inc. ("Kerry" or "the Company") in Illinois. Plaintiff alleges that Kerry violated the

Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA") because it did not (and

continues not to):

- Properly inform Plaintiffs and Class members in writing of the specific purpose and length of time for which their fingerprints were being collected, stored, and used, as required by the BIPA;

- Provide a publicly available retention schedule and guidelines for permanently destroying Plaintiffs' and the Class's fingerprints, as required by the BIPA; nor

- Receive a written release from Plaintiffs or the members of the Class to collect, capture, or otherwise obtain their fingerprints, as required by the BIPA.

2.     Plaintiffs seek treatment of this claim as a class action pursuant to 735 Ill. Comp.

Stat. § 5/2-801 *et seq.*, and seek for themselves and all members of the putative class statutory

damages of at least $1,000 (one thousand dollars) for each of Defendant's violations, pursuant to

740 Ill. Comp. Stat. §14/20, injunctive and other equitable relief, declaring that Kerry's actions,

as described in the Complaint, constitute negligence or reckless disregard, pre- and post-

judgment interest, attorneys' fees and costs, and other relief as allowed based upon Defendant's

violations of the BIPA.

3.     Plaintiffs seek to certify a Class defined as:

All Illinois citizens who performed work for Kerry in the State of Illinois, who had their fingerprints collected, captured, received, otherwise obtained, or disclosed by Kerry while residing in Illinois.

4.     The members of the class are so numerous that joinder of all members of the

Class is impracticable.

5.     Common questions of law and fact predominate the claims of the entire Plaintiff

Class; these common questions of law and fact predominate over the variations that may exist

between members of the Class, if any.  Common questions for the Class include, but are not

necessarily limited to the following:

- whether Kerry collected, captured, or otherwise obtained Plaintiffs' and the Class's biometric identifiers or biometric information;

- whether Kerry collected, captured, or otherwise obtained Plaintiffs' and the Class' biometric identifiers or biometric information;

- whether Kerry properly informed Plaintiffs and the Class of its purposes for collecting, using, and storing their biometric identifiers or biometric information;

ELECTRONICALLY FILED
11/7/2017 4:23 PM
2017-CH-14831
PAGE 2 of 5

2

- whether Kerry obtained a written release (as defined in 740 ILCS 14/10) to collect, use, and store Plaintiffs' and the Class's biometric identifiers or biometric information;

- whether Kerry has disclosed or re-disclosed Plaintiffs' and the Class's biometric identifiers or biometric information to any third parties;

- whether Kerry has sold, leased, traded, or otherwise profited from Plaintiffs' and the Class's biometric identifiers or biometric information;

- whether Kerry developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of their last interaction, whichever occurs first;

- whether Kerry complies with any such written policy (if one exists);

- whether Kerry used Plaintiffs' and the Class's fingerprints to identify them; and

- whether Kerry's violations of the BIPA were committed negligently.

ELECTRONICALLY FILED
11/7/2017 4:23 PM
2017-CH-14831
PAGE 3 of 5

6.     The named Plaintiffs are adequate representatives of the class because they and all potential plaintiffs were subject to Kerry's uniform practices and policies. Further, the named Plaintiffs and the potential class plaintiffs have suffered the same type of damages as a result of Kerry's practices and policies.

7.     Plaintiffs will fairly and adequately represent and protect the interests of the Plaintiff Class.

8.     Plaintiffs' counsel is competent and experienced in litigating large complex class actions.

9.     Plaintiffs file this Motion in order to guard against any attempt by the Defendant to moot the Plaintiffs' claims. See Barber v. American Airlines, Inc., 241 Ill. 2d 450 (2011) (a

3

defendant faced with a putative class action may be able to moot the proposed class representative by tendering complete relief before class certification is sought).

10.     The Seventh Circuit has permitted these types of preliminary class certification motions, for the precise purpose of guarding against any attempt to moot a plaintiff's claim. Damasco v. Clearwire Corp. 662 F.3d 891, 896 (7th Cir. 2011).

11.     Plaintiffs further request that this Court delay ruling on the instant motion until they have had the opportunity to conduct discovery on their claims.  Damasco, 662 F.3d at 896-87.  Plaintiffs will file a Memorandum of Law in support of this motion after conducting discovery.

WHEREFORE, Plaintiffs Maximo Fernandez, Arturo Cordona, Sergio Duran, Rodrigo Puentes, and Isaias Villanueva respectfully request that this Honorable Court grant their Motion to Certify a Class Action after they have had an opportunity to conduct discovery, and filed a Memorandum of Law in support of the same.

ELECTRONICALLY FILED
11/7/2017 4:23 PM
2017-CH-14831
PAGE 4 of 5

Dated: November 7, 2017

Firm No. 58616
Alejandro Caffarelli
Alexis D. Martin
Caffarelli & Associates Ltd.
224 N. Michigan Ave., Ste. 300
Chicago, IL  60604
Tel. (312) 763-6880

Respectfully submitted,

MAXIMO FERNANDEZ, ARTURO CORDONA, SERGIO DURAN, RODRIGO PUENTES, and ISAIAS VILLANUEVA, on behalf of themselves and all others similarly situated,

By: /s/ Alejandro Caffarelli
    Attorney for the Plaintiff

4

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the attached, **Plaintiffs' Motion to Certify a Class Action**, will be served by U.S. Mail to the parties listed below:

KERRY INC.
c/o CT Corporation System – Registered Agent
208 S. LaSalle St., Ste. 814
Chicago, IL 60604

/s Alejandro Caffarelli
Alejandro Caffarelli
Caffarelli & Associates Ltd.
224 South Michigan Ave., Suite 300
Chicago, IL 60604

 **CT Corporation**

**Service of Process Transmittal**
11/27/2017
CT Log Number 532362748

TO: Sharon Olson
Kerry Inc.
3400 Millington Rd
Beloit, WI 53511-9554

RE: **Process Served in Illinois**

FOR: Kerry Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MAXIMO FERNANDEZ, et al., Pltfs. vs. Kerry Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Order, Letter |
| **COURT/AGENCY:** | Cook County Circuit Court - County Department - Chancery Division, IL<br>Case # 2017CH14831 |
| **NATURE OF ACTION:** | Enclosed please find the order dated November 21, 2017 in the above-captioned matter |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 11/27/2017 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | Alejandro Caffarelli<br>Caffarelli & Associates Ltd.<br>224 N. Michigan Ave., Ste. 300<br>Chicago, IL 60604<br>312-763-6880 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/28/2017, Expected Purge Date: 12/03/2017<br><br>Image SOP<br><br>Email Notification, Sharon Olson  sharon.olson@kerry.com<br><br>Email Notification, Jolyn Jensen  jolyn.jensen@kerry.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br><br>**TELEPHONE:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>312-345-4336 |

Page 1 of  2 / MP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
11/27/2017
CT Log Number 532362748

**TO:**     Sharon Olson
Kerry Inc.
3400 Millington Rd
Beloit, WI 53511-9554

**RE:**   **Process Served in Illinois**

**FOR:**   Kerry Inc.   (Domestic State: DE)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Summons(es), Attachment(s), Complaint | By Process Server on 11/14/2017 | Sharon Olson Kerry Inc. | 532300529 |
| Notice, Motion, Certificate | By Regular Mail on 11/13/2017 postmarked on 11/07/2017 | Sharon Olson Kerry Inc. | 532287736 |

Page 2 of  2 / MP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# Caffarelli & Associates
## LIMITED

224 SOUTH MICHIGAN AVENUE, SUITE 300
CHICAGO, IL 60604



IL 604

22 NOV '17

PM 3 L

02 1P    **$ 000.46⁰**
0001947948   NOV 21 2017
MAILED FROM ZIP CODE 60604

KERRY INC
c/o CT Corporation System — Registered Agent
208 S. LaSalle St., Ste. 814
Chicago, IL 60604

60604-113599



LAW OFFICES

Caffarelli & Associates

L I M I T E D

224 SOUTH MICHIGAN AVENUE, SUITE 300 • CHICAGO, IL 60604
TEL (312) 763-6880 • www.caffarelli.com


November 21, 2017


**VIA U. S, MAIL**

KERRY INC.
c/o CT Corporation System – Registered Agent
208 S. LaSalle St., Ste. 814
Chicago, IL 60604

  *Re: Fernandez et al. v. Kerry Inc.; Case No. 2017-CH-14831*

Enclosed please find the order dated November 21, 2017 in the above-captioned matter.


          Sincerely,

          Alexis D. Marin


ADM/jgz
enclosures

Order                                                    (Rev. 02/24/05) CCG N002

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

FERNANDEZ, et al.

v.

KERRY, INC.

No. 2017-CH-14831

### ORDER

This Matter coming today before the Court for presentment of Plaintiffs' Motion to Certify a Class Action, Plaintiffs present through counsel, it is ordered:

① Plaintiffs' Motion is filed and entered and continued generally;

② Plaintiffs must serve a copy of this Order on Defendant;

③ This matter is continued to 3/7/2018 at 9:00AM for initial status.

Attorney No.: 58616

Name: Alexis Martin/Caffarelli + Assoc.

Atty. for: Plaintiffs

Address: 224 S. Michigan, Ste. 300

City/State/Zip: Chicago, IL 60604

Telephone: 312-763-6880

ENTERED:

Dated:

```
ENTERED
Judge Neil H. Cohen-2021
NOV 21 2017
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK
```

Judge                         Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MAXIMO FERNANDEZ, ARTURO          )
CORDONA, SERGIO DURAN, RODRIGO    )
PUENTES, and ISAIAS VILLANUEVA, on )
behalf of themselves and all others similarly )
situated,                         )
                                  )
        Plaintiffs,           )
                                  )      No. 1:17-cv-_____
    v.                          )
                                  )
KERRY, INC.,                      )
                                  )
        Defendant.

## <u>DECLARATION OF BRIAN ALLEN</u>

I, BRIAN ALLEN, pursuant to 28 U.S.C. §1746, hereby declare as follows:

1.      I have personal knowledge of the matters set forth in this declaration and would be competent to testify thereto at a trial or hearing in this matter.

2.      I am the Human Resources Process and Technology Manager at Kerry, Inc. I have been employed by Kerry, Inc. for five (5) years. My duties include overseeing processes related to timekeeping and attendance of employees throughout the country, including at Kerry, Inc.'s Melrose Park, Illinois location.

3.      I have reviewed Kerry, Inc.'s business and employment records, which it maintains in the ordinary course of its business.

4.      I have reviewed the class action complaint in the matter titled *Fernandez, et al. v. Kerry, Inc.*, No. 2017 CH 14831, currently pending in the Chancery Division of the Circuit Court of Cook County, Illinois.

5.      Kerry, Inc. is a Delaware corporation with its principal place of business in Beloit, Wisconsin.

DocuSign Envelope ID: B6226037-96C5-474D-9F94-573656CA4CF0

6.      Based on my review of the records above, Plaintiffs Maximo Fernandez, Arturo Cordona, Sergio Duran, Rodrigo Puentes, and Isaias Villanueva ("Plaintiffs") were employed at Kerry, Inc.'s Melrose Park, Illinois location.

7.      Through their complaint, Plaintiffs allege Kerry, Inc. does not have the proper policies in place regarding the collection, storage, use, retention and destruction of biometric data in violation of the Illinois Biometrics Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"). (Compl. ¶¶ 7, 26, 30-32, 41, 58-61.)

8.      The complaint alleges that individuals who perform work for Kerry, Inc. in Illinois are required to "scan their fingerprint in Kerry's time clocks." (*Id.* ¶ 4.) Plaintiffs' complaint further alleges that each time Plaintiffs began and ended their workdays they were required to "scan their fingerprints." (*Id.* ¶ 37.)

9.      It is my understanding that, among other things, Plaintiffs seek (1) liquidated damages of $1,000 or $5,000 for "each" of Kerry Inc.'s alleged violations of BIPA, (2) injunctive relief, and (3) reasonable attorneys' fees and costs and other litigation expenses. (*Id.* ¶ 63.)

10.     From November 7, 2016 to November 7, 2017, Kerry, Inc.'s records indicate that while employed by Kerry, Inc., each Plaintiff utilized the Kronos time clock terminal at the Melrose Park location on more than seventy-five (75) separate occasions.

11.     Because Plaintiffs allege $1,000-$5,000 for each clock in or clock out, based on the allegations in the Complaint, each Plaintiff claims damages exceeding $75,000, exclusive of interest and costs.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on:    12/13/2017

DocuSigned by:

*Brian Allen*

1D2E770D79F7484

BRIAN ALLEN

2